IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GARLESKY and CHRISTINE GARLESKY<br><br>vs.<br><br>CAWLEY & BERGMANN, L.L.P. | CIVIL ACTION<br><br>NO. 11-6771 |

**O R D E R**

AND NOW, this          day                              , 2011, upon consideration of Defendant's Motion to Dismiss, and any response thereto or argument thereon, it is hereby ORDERED and DECREED that said Motion is GRANTED. Count III of Plaintiffs' Complaint for Intentional Infliction of Emotional Distress is hereby DISMISSED, with prejudice. It is further ordered that all claims for punitive damages are hereby DISMISSED, with prejudice.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GARLESKY and CHRISTINE GARLESKY<br><br>vs.<br><br>CAWLEY & BERGMANN, L.L.P. | CIVIL ACTION<br><br>NO. 11-6771 |

**DEFENDANT CAWLEY & BERGMANN, L.L.P.'S
<u>MOTION TO DISMISS</u>**

1. Plaintiff brings this action as a result of Defendant's debt collection against the Plaintiff. (See a copy of the Complaint attached hereto as Exhibit "A").

2. The only factual allegations in the Complaint are as follows:

(a) The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes;

(b) On or about November 18, 2010, Defendant attempted to contact Plaintiff James Garlesky at his place of employment by leaving a voicemail at his workplace in a general mailbox which, *inter alia*, disclosed the debt. A co-worker listened to the voicemail and called Defendant at his home to advise him that a debt collector had called and left a message for him;

(c) On or about November 18, 2010, Plaintiffs contacted Defendant to advise Defendant to cease contacting Plaintiff James Garlesky's place of employment. During this conversation, Plaintiffs were advised that they owed $14,000, that it needed to be paid immediately, and that if the debt was not paid that day, Defendant would garnish Plaintiffs' wages and put a lien on Plaintiffs' home; and

(d) Plaintiff James Garlesky, who recently suffered a heart attack, became emotionally distraught by these false threats and sickened.

**Intentional Infliction of Emotional Distress**

3. The above allegations, even if believed, do not establish a *prima facie* cause of action of intentional infliction of emotional distress under Pennsylvania law.

4. In order to establish a *prima facie* case of intentional infliction of emotional distress, the Defendant's conduct must be regarded as so "extreme and outrageous as to go beyond all possible bounds of decency" and "to be regarded as atrocious, and utterly intolerable in civilized society." Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. 1997).

5. In order to establish such a claim, the facts to an average member of the community, must arouse resentment against the actor and lead him to explain "outrageous." Id.

6. It is for the Court to determine, in the first instance, whether the actor's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery.

7. In Strickland, the conduct of the Defendants was not sufficient to be "outrageous" because Defendant merely "sought to collect monies" Defendant believed were owed in the form of a loan. Id.

8. In fact, the Defendant asserted both a civil and criminal proceeding against the Defendant, who was Plaintiff's employer, allegedly "for the purpose of placing his job at the University in jeopardy and forcing him to negotiate with" the Defendant. Id.

9. The Plaintiff in Strickland further alleged that an employee of the Defendant said that she was unhappy with the District Attorney's office not pursuing criminal charges against the Plaintiff and that this information in a news article caused

him to lose the opportunity of a full-time faculty position with the Lackawanna Junior College.  Id at 985.

10. In contrast, the following is an example of what Pennsylvania Courts recognize as legally sufficient "outrageous" conduct: mishandling a decedent's body, such as removing the body from the scene of an accident

11. Thus, Defendant is entitled to dismiss all of the intentional infliction of emotional distress claims as a matter of law.

## Punitive Damages

12. The Courts of this Commonwealth have been instructed that punitive damages are appropriate only under circumstances where the conduct of Defendant is outrageous because of the offending party's "evil motives." Feld v. Merriam, 485 A.2D 742, 748 (Pa. 1984).

13. The imposition of punitive damages to punish a civil defendant is appropriate only where the conduct complained of is especially egregious. Sensenig v. Spring Glen Farm Kitchen, Inc., 1992 WL 540682 (Pa.Com.Pl. 1992).

14. The conduct of Defendant as alleged just trying to collect a debt owed does not even come close to requisite evil motive and conduct.  Rather than being supported with facts, the Complaint simply has bald legal conclusions of "malicious" conduct.

15. Plaintiff's Complaint fails to set forth facts sufficient to state a cause a cause of action for punitive damages.

16. Thus, Defendant is entitled to dismiss all of the punitive damages claims as a matter of law.

**WHEREFORE,** Defendant respectfully requests this Honorable Court dismiss Count III of Plaintiff's Complaint and the punitive damages claim, with prejudice.

                    **MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY:    /s/ Robert W. Shaw, III
       ROBERT W. SHAW, III, ESQUIRE
       Attorney for Defendant:
       CAWLEY & BERGMANN, L.L.P.
       Centre Square, West Tower
       1500 Market Street - Suite 4100
       Philadelphia, PA 19102
       (215) 735-7200
       **MSZL&M File No. 006800.000029**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GARLESKY and CHRISTINE GARLESKY<br><br>vs.<br><br>CAWLEY & BERGMANN, L.L.P. | CIVIL ACTION<br><br>NO. 11-6771 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CAWLEY & BERGMANN, L.L.P.'S
<u>MOTION TO DISMISS</u>**

**I.      <u>FACTS</u>**

Plaintiff brings this action as a result of Defendant's debt collection against the Plaintiff.  (See a copy of the Complaint attached hereto as Exhibit "A").   The only factual allegations in the Complaint are as follows below in this Section of Defendant's Motion.

The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.  On or about November 18, 2010, Defendant attempted to contact Plaintiff James Garlesky at his place of employment by leaving a voicemail at his workplace in a general mailbox which, *inter alia*, disclosed the debt.  A co-worker listened to the voicemail and called Defendant at his home to advise him that a debt collector had called and left a message for him.

On or about November 18, 2010, Plaintiffs contacted Defendants to advise Defendant to cease contacting Plaintiff James Garlesky's place of employment.  During this conversation, Plaintiffs were advised that they owed $14,000, that it needed to be paid immediately, and that if the debt was not paid that day, Defendant would garnish

Plaintiffs' wages and put a lien on Plaintiffs' home. Plaintiff James Garlesky, who recently suffered a heart attack, became emotionally sickened.

### II.  LEGAL

#### A.  *Legal Standard.*

Defendant is entitled to dismissal of the intentional infliction of emotional distress and punitive damages claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  With a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233, (3d Cir. 2008).  A plaintiff must assert a plausible claim in order to survive a motion to dismiss.  Id. at 234.  Furthermore, the court should not accept legal conclusions that are averred in the complaint as it requires factual allegations.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

#### B.  *Intentional Infliction of Emotional Distress Claim Fails.*

Intentional infliction of emotional distress is an actionable wrong in Pennsylvania. Pierce v. Penman, M.D.,  357 Pa. Super. 225, 515 A.2d 948 (Pa. Super. 1986) See also Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118  (Pa. 1970); Bartanus v. Lis, 332 Pa. Super. 48, 480 A.2d 1178 (Pa. Super. 1984).  This actionable wrong is described in the cases above in Section 46 of the Restatement (Second) of Torts 1965 as follows:

> Outrageous conduct causing severe emotion distress
> (1)  One who by extreme and outrageous conduct
> intentionally or recklessly causes severe emotional distress
> to another is subject to liability for such emotional distress,
> and if bodily harm to the other results from it, for such
> bodily harm.

>   (2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress
>       (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or
>       (b) to any other person who is present at the time, if such distress results in bodily harm.

Section 46 of the Restatement (Second) of Torts 1965.

Section 46 does not recognize liability for mere negligent infliction of emotional distress. Pierce at 231. However, reckless conduct causing emotional distress renders an actor as liable as if he had acted intentionally. Id. See also, Chuy v. Philadelphia Eagle's Football Club, 595 F.2d 1265 (3rd Cir. 1979); Comment i to Section 46.

> Comment i reads "Intention and recklessness. The rule stated in this Section applies where the actor desires to inflict severe emotional distress and also where he knows that such distress is certain, or substantially certain, to result from his conduct. It applies also where he acts recklessly… in deliberate disregard of a high degree of probability that the emotional distress will follow."

Pierce at 232, See also Section 46 of the Restatement (Second) of Torts (1965).

The allegations in the Complaint, even if believed, do not establish a *prima facie* cause of action of intentional infliction of emotional distress under Pennsylvania law. In order to establish a *prima facie* case of intentional infliction of emotional distress, the Defendant's conduct must be regarded as so extreme and outrageous as to go beyond all possible grounds of decency and to be regarded as atrocious, and utterly intolerable in civilized society. Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. 1997).

In order to establish such a claim, the facts to an average member of the community must arouse resentment against the actor and lead him to explain

"outrageous." Id. It is for the Court to determine, in the first instance, whether the actor's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery. In Strickland, the conduct of the Defendants was not sufficient to be "outrageous" because Defendant merely "sought to collect monies" Defendant believed were owed to them in a form of a loan. Id.

In fact, the Defendant issued both a civil and criminal proceeding against the Defendant who employed the Plaintiff allegedly "for the purpose of placing his job at the University in jeopardy and forcing him to negotiate with" the Defendant. Id. The Plaintiff in Strickland further alleged that an employee of the Defendant said that she was unhappy with the District Attorney's office not pursuing criminal charges against the Plaintiff and that this information in a news article caused him to lose the opportunity of a full-time faculty position with the Lackawanna Junior College. Id at 985.

In contrast, the following are example of what Pennsylvania Courts recognize as "outrageous" conduct sufficient to reach a jury. In the case of Papieves v. Lawrence, Supra., the Supreme Court noted that sufficiently outrageous conduct is intentional and wanton acts of mishandling a decedent's body, such as removing the body from the scene of an accident and burying it in a field without authority, consent or knowledge of the relatives. Id. In that matter, the decedent was struck by a motor vehicle operated by defendant and, without attempting to obtain medical assistance and without notifying the decedent boy's parents, removed the body from the scene of the accident and hid it in his garage. Papieves at 375. Some few days later, Defendant contacted another minor and requested assistance in disposing of the body to which they dug a grave and buried the decedent. Id. More than two months later, the partially decomposed body of the young

decedent was found, and his remains were returned to his parents. Id. The Supreme Court found that such conduct by defendant was outrageous enough to warrant a claim for intentional infliction of emotional distress. Id.

Further, in Banyas III v. Lower Bucks Hospital, 293 Pa. Super. 122, 437 A.2d 1236 (Pa. Super. 1980), the hospital prepared records indicating that a patient's death was due solely to injuries inflicted by plaintiff Banyas, when in reality the hospital's negligence also contributed to the death. Thomas Lavin died on the operating table during surgery for a surgical reduction to his fractured jaw. Id. This amounted to intolerable professional conduct which was both extreme and outrageous and amounted to the intentional infliction of mental distress under Section 46 of the Restatement (Second) of Torts.

Here, Defendant allegedly merely attempted to reach Plaintiff by phone and advise that $14,000 was owed. Defendant was able to speak to Plaintiff and allegedly discussed wage garnishment and a lien (believed legal recourses) for the sole purpose to collect the debt owed. These allegations, even if viewed in their most positive light for Plaintiff, do not constitute "outrageous" conduct needed for intentional infliction of emotional distress as defined under Pennsylvania law. Defendant's warning as to the consequences of unpaid debt cannot be classified as extreme, reckless or outrageous conduct. The facts as alleged by Plaintiffs are not sufficient to state such a cause of action. Thus, Defendant is entitled to have this Court dismiss all of the intentional infliction of emotional distress claims as a matter of law.

C. *Punitive Damages Claim Fails as a Matter of Law*.

Plaintiff will not be able to recover punitive damages in this matter. The Courts of this Commonwealth have adopted Restatement (Second) of Torts §908(2), which provides:

> Punitive damages are damages other than compensatory and nominal damages awarded against the person to punish him for his outrageous conduct. Punitive damages are awarded only for outrageous conduct which is defined as acts done with bad motive or reckless indifference to the interests of other.

Restatement (Second) of Torts §908(2).

The Courts of this Commonwealth have been instructed that punitive damages are appropriate only under certain circumstances where the conduct is outrageous, because of the offending party's evil motives. Feld v. Merriam, 485 A.2D 742, 748 (Pa. 1984). In determining whether punitive damages are appropriate, "one must look to the act itself together with all the circumstances including the motive of the wrongdoers…" Id. In Feld, the Supreme Court of Pennsylvania found that the Trial Court erred in submitting the issue of punitive damages to the jury, even though the evidence submitted at Trial clearly showed that inadequate and lax security lead to the injuries alleged by the plaintiff. The basis of the Court's findings was that, even in the face of clear negligence, it is:

> The state of the mind of the actor which is vital to the determination of the ultimate in position/award of punitive damages. Id. The Court stated that 'the act or failure to act, must be intentional, reckless, or malicious." Id. The Court further stated that the outrageous conduct must be a product of the defendant's evil motive or reckless indifference.

Subsequently, the lower Courts in this Commonwealth have rightfully interpreted Feld and §908(2) to stand for the proposition that "punitive damages may only be

awarded under limited circumstances." <u>Arbor Associates, Inc. v. AETNA US Healthcare</u>, 2003 WL 1847497 (Pa. Com. PL. 2003). Based on this interpretation, the lower Courts have been strict in their scrutiny and the seeking of punitive damages and have typically stricken all such claims. <u>Id</u>. Along these same lines, in order to maintain an allegation that a party was either reckless or acted with recklessness; the alleging party must support those allegations with sufficient facts specifying the outrageous conduct of the offending party. Plainly put, the factual averment contained in the Complaint must support the description of the wrongdoer's alleged conduct as reckless. <u>Feld</u> at 748. Further, the outrageous conduct required for a claim of punitive damages must have been an act done with a bad motive or with a reckless indifference to the interests of others. Reckless indifference to the interests of others is sometimes referred to as wanton misconduct. <u>Smith v. Brown</u>, 423 A.2d 743 (Pa.Super. 1980).

Plaintiff must be able to show that the actor has intentionally done an act of unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it. <u>Id</u>. The imposition of punitive damages to punish a civil defendant is appropriate only where the conduct complained of is especially egregious. <u>Sensenig v. Spring Glen Farm Kitchen, Inc.</u>, 1992 WL 540682 (Pa.Com.Pl. 1992).

Here, Defendant allegedly merely attempted to reach Plaintiff by phone and advise that $14,000 was owed. Further, reaching plaintiff and allegedly discussing wage garnishment and a lien (believed legal recourses) for the sole purpose to collect, as opposed to some motive of harming the plaintiff or other evil motive, is not even close to the required conduct for punitive damages to reach a jury. These allegations, even if viewed in their most positive light, do not constitute punitive damages as defined under

Pennsylvania law. Defendant's actions were not even close to being malicious, intentional or reckless. Defendant's conduct most certainly does not demonstrate evil motives. Defendant simply sought to collect monies owed. Rather than being supported with facts, the Complaint simply has bald legal conclusions of "malicious" conduct. Thus, Defendant is entitled to have the Court dismiss the punitive damages claims as a matter of law.

### III.   CONCLUSION

The above allegations, even if believed, do not establish a *prima facie* cause of action of intentional infliction of emotional distress under Pennsylvania law. The conduct of Defendant alleged does not even come close to requisite evil motive and conduct. Rather than being supported with facts, the Complaint simply has bald legal conclusions of "malicious" conduct. Thus, this Honorable Court is requested to dismiss Count III of Plaintiff's Complaint and the punitive damages claim, with prejudice.

**WHEREFORE,** Defendant respectfully requests this Honorable Court dismiss Count III of Plaintiff's Complaint and the punitive damages claim, with prejudice.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**


BY:     /s/ Robert W. Shaw, III
ROBERT W. SHAW, III, ESQUIRE
Attorney for Defendant:
CAWLEY & BERGMANN, L.L.P.
Centre Square, West Tower
1500 Market Street - Suite 4100
Philadelphia, PA 19102
(215) 735-7200
**MSZL&M File No. 006800.000029**

**CERTIFICATE OF SERVICE**

I, ROBERT W. SHAW, III, ESQUIRE, do hereby certify that a true and correct copy of the within **MOTION TO DISMISS** was filed and forwarded electronically on the below-named date to the below-named counsel, as follows:

Mark D. Mailman, Esquire
FRANCIS & MAILMAN, P.C.
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, PA 19110


    /s/ Robert W. Shaw, III
ROBERT W. SHAW, III, ESQUIRE


Date: December 9, 2011