IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GARLESKY and CHRISTINE GARLESKY<br><br>Plaintiffs,<br><br>v.<br><br>CAWLEY & BERGMANN, L.L.P.<br><br>Defendant. | Civil Action No. 11-6771 |

### AMENDED COMPLAINT

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.  Plaintiffs James & Christine Garlesky are married adult individuals residing at 2555 Carpenters Park Road, Davidsville, Pennsylvania 15928.

5. Defendant Cawley & Bergmann, L.L.P. is a business entity with its principal office located at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt in connection with an MBNA account (hereafter the "debt"), which became delinquent more than a decade ago.

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. On or about November 18, 2010, Defendant attempted to contact Plaintiff James Garlesky at his place of employment by leaving a voicemail at his workplace in a general mailbox which, *inter alia,* disclosed the debt. A co-worker listened to the voicemail and called Defendant at his home to advise him that a debt collector had called and left a message for him.

9. On or about November 18, 2010, Plaintiffs contacted Defendant to advise Defendant to cease contacting Plaintiff James Garlesky's place of employment. During this conversation, Plaintiffs were advised that they owed $14,000, that it needed to be paid immediately, and that if the debt was not paid that day, Defendant would garnish Plaintiffs' wages and put a lien on Plaintiffs' home.

10. Plaintiff James Garlesky, who recently suffered a heart attack, became emotionally distraught by these false threats and sickened.

11. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

12. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

13. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property of any person unless such action is lawful and the debt collector intends to take such action.

15. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

16. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

17. Defendant knew or should have known that their actions violated the FDCPA, FCEUA, and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

20.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to injury to Plaintiffs' reputations, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

21.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

22.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.     The above contact between Defendant and Plaintiffs was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

    (a)     Communicating with any person other than the consumer and disclosing a debt;

    (b)     Misrepresenting the character, amount, or legal status of any debt;

(c) Representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of property of any person unless such action is lawful and the debt collector intends to take such action;

(d) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCEUA AND UTPCPL

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

29. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

30. The conversation between Plaintiffs and Defendants was a "communication" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

31. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer and disclosing a debt;

    (b) Misrepresenting the character, amount, or legal status of any debt;

    (c) Representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property of any person unless such action is lawful and the debt collector intends to take such action;

    (d) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorneys' fees and costs.

## JURY TRIAL DEMAND

34. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs

DATE: January 23, 2012